ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 5, 2013

The Honorable James L. Keffer
Chair, Committee on Energy Resources
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0987

Re: Authority of the Comptroller to implement rules regarding the imposition and collection of a sales and use tax by a municipality under particular circumstances (RQ-1078-GA)

Dear Representative Keffer:

Your former colleague, Representative Burt R. Solomons, asked about the authority of the Texas Comptroller of Public Accounts (the "Comptroller") to implement rules with regard to the collection of a municipal sales and use tax authorized under section 43.0751 of the Texas Local Government Code.[1] His request letter explained that in 2009, the City of Lewisville (the "City") entered into a strategic partnership agreement (the "Agreement") with multiple water supply districts. Request Letter at 1. The City agreed to provide fire services, emergency medical services and law enforcement services to the districts. *Id.* In exchange for those services, the water supply districts were annexed by the City for limited purposes and agreed to the imposition of a sales and use tax, which the City has collected since entering into the Agreement and which is equal to the sales and use tax imposed within the city boundaries.[2] *Id.* at 1–2.

The request letter also explained that in 2011, the City held an election to create crime control and fire control districts and to levy an additional sales and use tax to fund those districts. *Id.* at 2.[3]

---

[1]*See* Letter from Honorable Burt R. Solomons, Chair, House Comm. on Redistricting, to Honorable Greg Abbott, Tex. Att'y Gen. (Aug. 29, 2012), http://texasattorneygeneral.gov/opin ("Request Letter").

[2]Local Government Code section 43.0751 authorizes the governing body of a municipality and a conservation and reclamation district operating under chapter 49 of the Water Code to "negotiate and enter into a written strategic partnership agreement for the district by mutual consent." TEX. LOC. GOV'T CODE ANN. § 43.0751(a)–(b) (West Supp. 2012). The strategic partnership agreement may provide for "limited-purpose annexation of the district." *Id.* § 43.0751(f)(1).

[3]Chapters 344 and 363 of the Local Government Code outline the procedures for the creation, operation and financing of fire control and crime control districts, respectively. *See* TEX. LOC. GOV'T CODE ANN. §§ 344.001–.302; 363.001–.302 (West 2005 & Supp. 2012).

The City requested that the Comptroller collect the additional tax in the areas annexed for limited purposes, but the Comptroller declined to do so. *Id.* Based on these facts, Representative Solomons asked the following question:

> Is the Comptroller permitted to implement rules with regard to the imposition and collection of a sales and use tax that prevent a municipality from imposing a sales and use tax, levied pursuant to an existing Strategic Partnership Agreement, on districts that have been annexed for limited purposes?

Request Letter at 2.

The Legislature has authorized a municipality to impose a sales and use tax on the part of the districts that have been annexed for limited purposes pursuant to a strategic partnership agreement:

> A municipality that has annexed all or part of a district for limited purposes under [section 43.0751] may impose a sales and use tax within the boundaries of the part of the district that is annexed for limited purposes. Except to the extent it is inconsistent with this section, Chapter 321, Tax Code, governs the imposition, computation, administration, governance, and abolition of the sales and use tax.

TEX. LOC. GOV'T CODE ANN. § 43.0751(k) (West Supp. 2012). Pursuant to this provision, the Agreement states that in the areas of limited-purpose annexation, a sales and use tax shall be imposed "at a rate equal to the Sales and Use Tax imposed by the City within its corporate boundaries."[4] Since the inception of the Agreement, the Comptroller's "office has collected the City's sales and use tax" in the areas annexed for limited purposes.[5] However, in response to the request letter, the Comptroller's office informs us that it "has not collected the additional sales and use tax amount in the Limited Purpose Districts because the statutory requirements for imposing a fire control district or crime control and prevention district tax have not been met for those areas." Comptroller Brief at 2.

The Comptroller is charged with the administration, collection and enforcement of taxes imposed under chapter 321, which include fire control district and crime control district taxes. TEX. TAX CODE ANN. §§ 321.106, .108, .301 (West 2008). Consistent with those duties, the Comptroller may adopt reasonable rules for its enforcement of chapter 321. *Id.* § 321.306 (West 2008). "[A]n

---

[4]*See* Strategic P'ship Agreement Between the City of Lewisville, Tex. and Denton Cnty. Fresh Water Supp. Dists. 1-A, 1-B, 1-C, 1-D, 1-E, 1-F, 1-G, and 1-H, at 6 (submitted with Request Letter) (on file with the Op. Comm.).

[5]*See* Letter from Ashley Harden, Gen. Counsel, Tex. Comptroller of Pub. Accounts, to Honorable Greg Abbott, Tex. Att'y Gen. (Dec. 21, 2012) (on file with the Op. Comm.) (hereafter "Comptroller Brief").

agency's interpretation of a statute it is charged with enforcing is entitled to 'serious consideration,' so long as the construction is reasonable and does not conflict with the statute's language." *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). In light of this rule, we analyze the Comptroller's construction of the relevant statutes.

While Local Government Code subsection 43.0751(k) expressly authorizes a municipality to impose a sales and use tax on an area that is annexed for limited purposes, chapter 321 "governs the imposition, computation, administration, governance, and abolition of the sales and use tax," except when inconsistent with section 43.0751. TEX. LOC. GOV'T CODE ANN. § 43.0751(k) (West Supp. 2012). Chapter 321 requires that elections must be held to adopt fire control and crime control district taxes in accordance with Local Government Code chapters 344 and 363. TEX. TAX CODE ANN. §§ 321.106(a), .108(a) (West 2008). Furthermore, the district taxes must be "approved by a majority of the qualified voters of the proposed district voting at an election called and held for that purpose." TEX. LOC. GOV'T CODE ANN. §§ 344.053, 363.053 (West 2005). Briefing submitted to our office indicates that "voters in the Limited Purpose Districts never received the statutorily required opportunity to give their approval for creation of the [districts] and imposition of the associated taxes." Comptroller Brief at 2. As a result, the Comptroller has not collected the additional sales and use tax in those areas. *Id.*

Subsection 43.0751(k) provides municipalities with the general authority to impose sales and use taxes in areas annexed for limited purposes. It does not, however, empower municipalities to alter the statutory requirements associated with the imposition of a sales and use tax. Specifically, section 43.0751(k) does not empower municipalities to ignore the procedures in chapter 321 for imposing and collecting taxes in fire control and crime control districts. It is therefore reasonable to conclude, as the Comptroller has concluded, that municipalities must comply with chapter 321 by providing voters in areas annexed for limited purposes the opportunity to vote on the imposition of fire control and crime control district taxes before the municipality imposes them on those areas under subsection 43.0571(k). As the agency charged with administration, collection and enforcement of the taxes authorized by chapter 321, the Comptroller's reasonable interpretation of the statute would likely be shown deference by the courts.

## S U M M A R Y

The Comptroller has concluded that, pursuant to Tax Code sections 321.106 and 321.108, voters in areas annexed for limited purposes under Local Government Code section 43.0751 must be given the opportunity to vote on the imposition of fire control and crime control district taxes before a municipality may impose them on those areas. As the agency charged with administration, collection and enforcement of the taxes authorized by chapter 321, the Comptroller's reasonable interpretation would likely be shown deference by the courts.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee